| | | |
|---|---|---|
| JAMES SWANN | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. 1-24-CV-00175-TRM-CHS |
| | ) | |
| CHIME BANKING | ) | |
| *Defendant.* | ) | |

## REPORT AND RECOMMENDATION

Plaintiff James Swann, pro se, is proceeding *in forma pauperis* in this action.[1] This Court is responsible for screening all actions filed by plaintiffs proceeding pro se and dismissing any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A. In addition, "federal courts have a continuing obligation to inquire into the basis of subject-matter jurisdiction to satisfy themselves that jurisdiction to entertain an action exists." *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 890 (6th Cir. 1998).

Plaintiff alleges the Social Security Administration was depositing his Supplemental Security Income payment directly into an account he had with Chime Banking. According to Plaintiff, Chime Banking wrongfully refused him access to the money in his account for over a year which caused him to become homeless and lose his car. He is seeking damages in the amount of five million dollars. [Doc. 4, Amended Complaint].

Federal courts are courts of limited jurisdiction with authority to address matters sanctioned only by federal statute and the Constitution. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "It is presumed that a cause lies outside this limited jurisdiction, and the

---

[1] Plaintiff is currently incarcerated in the Sullivan County, Tennessee, Detention Center for reasons unrelated to this action.

burden of establishing the contrary rests on the party asserting jurisdiction." *Id.* (citations omitted). Consequently, Plaintiff bears the burden to establish this Court has jurisdiction to rule upon the matters he has alleged in his complaint. *Id.*

Plaintiff has referenced no federal statute under which his claims are based. Consequently, he has not met his burden to show the Court has subject matter jurisdiction under 28 U.S.C. § 1331.

On the other hand, if Plaintiff brings this action under state law, an alternative way for Plaintiff to establish that federal court has subject matter jurisdiction is to demonstrate "diversity of citizenship" under 28 U.S.C. § 1332(a). To establish original jurisdiction through diversity of citizenship, the amount in controversy must exceed $75,000 and the parties must be citizens of different states. 28 U.S.C. § 1332(a). Federal diversity jurisdiction requires complete diversity — no defendant may be a citizen of the same state as any plaintiff. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978); *Gray v. Bush*, 628 F.3d 779, 783 (6th Cir. 2010). "The party asserting diversity jurisdiction bears the burden of establishing the parties' citizenships. This means that a plaintiff . . . must fully allege the citizenship of each party." *Akno 1010 Market Street St. Louis Missouri LLC v. Pourtaghi*, 43 F.4th 624, 627 (6th Cir. 2022) (internal citation omitted). Plaintiff is a citizen of Tennessee. However, Plaintiff did not plead in his amended complaint the citizenship of Defendant Chime Banking. The citizenship of a corporation is determined by the criteria established by 28 U.S.C. § 1332(c) which states in relevant part, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State. . . where it has its principal place of business. . . ." Plaintiff has not pled the citizenship of Chime Bank and, therefore, Plaintiff has not shown that this Court can exercise subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1332(a).

Since Plaintiff has not pled that this Court has subject matter jurisdiction in this case, it is **RECOMMENDED** that this action be **DISMISSED** without prejudice for lack of subject matter jurisdiction.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE